UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLIFFORD EDWARD SHIRLEY, Jr., | : | |
| Petitioner, | : | Civ. No. 21-5664 (RBK) |
| v. | : | |
| WARDEN DAVID E. ORTIZ, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner, Clifford Edward Shirley, Jr. ("Petitioner" or "Shirley"), is a former federal prisoner previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner seeks additional credits purportedly owed to him by the Federal Bureau of Prisons ("BOP") under provisions of the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4).

    Respondent filed a response in opposition to the habeas petition on March 21, 2022. (*See* ECF 9). Respondent then filed an amended response on May 4, 2022. (*See* ECF 10). Petitioner elected not to file a reply brief.

    On August 15, 2022, Respondent submitted a letter indicating that the BOP released Petitioner from its custody on August 9, 2022. (*See* ECF 12). Indeed, the BOP's online inmate locator confirms August 9, 2022 as Petitioner's release date. *See* https://www.bop.gov/inmateloc/ (last visited on December 9, 2022). Respondent argues that Petitioner's release from BOP custody moots his habeas petition seeking additional credits under the FSA.

    Petitioner's release from custody implicates this case in two ways. First, Petitioner has failed to update his address of record. Thus, he has failed to comply with Local Rule 10.1. *See* L.

Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Normally, this failure would result in this Court administratively terminating this case. However, for the reasons discussed *infra*, Petitioner's habeas petition will be dismissed rather than this Court simply administratively terminating this matter.

Petitioner's habeas petition is now moot. Article III of the United States Constitution permits a federal court to adjudicate "'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. *See id.* (quoting *Lewis*, 494 U.S. at 477–478). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477)). "Incarceration satisfies the case or controversy requirement[;] [o]nce a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.*

In this case, Petitioner's request for additional credits under the FSA became moot upon his release from BOP custody. *See Allen v. Ortiz*, No. 20-21027, 2021 WL 1947300, at *1 (D.N.J. May 14, 2021) (dismissing habeas petition seeking credits under FSA as moot as petitioner was released from BOP custody); *see also Fitzpatrick v. Knight*, No. 22-5847, 2022 WL 17177851, at *1 (D.N.J. Nov. 23, 2022) (citations omitted) (finding petitioner's habeas petition seeking additional FSA credits is moot upon release from prison). Indeed, this "Court

can no longer grant Petitioner's request for FSA time credits, as such 'credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself.'" *Puccio v. Ortiz*, No. 22-5138, 2022 WL 4468599, at *1 (D.N.J. Sept. 23, 2022) (quoting *Scott v. Schuylkill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008)); *see also DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (quoting *United States v. Johnson,* 529 U.S. 53, 60 (2000)) ("The Supreme Court has held that the length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'").

Accordingly, this Court will enter an order dismissing Petitioner's habeas petition as moot.

DATED:  December 12, 2022                                  s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge